UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RENAE FORD,** <br><br> Plaintiff, <br><br> v. <br><br> **THE LAW OFFICE OF TANYA MITCHELL GRAHAM, P.C**. <br>        **Defendant.** | **Civil Action No.:** <br><br> **Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff Ranae Ford, by and through her undersigned counsel, files this lawsuit against Defendant The Law Office of Tanya Mitchell Graham, P.C., pursuant the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as defendant resides and conducts business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended..

## III.  PARTIES

5. Plaintiff Ranae Ford (hereinafter "Plaintiff" or "Ms. Ford") is a resident of Loganville, Walton County, Georgia (within this District).

6. Plaintiff is a former employee of Defendant, The Law Office of Tanya Mitchell Graham, P.C., (hereinafter "Defendant").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendant.

8. Defendant, conducts business within this State and District, and at all times relevant to this lawsuit is a private business entity that manages employees, such as Plaintiff. As such, Defendant is to subject the jurisdiction of this Court. Defendant may be served process by serving its registered agent, Tanya Mitchell Graham, 3212 Northlake Parkway, N.E., Box 450929, Atlanta, GA, 31145.

9. Defendant is an employer as defined by § 203(d) of the FLSA. Defendant is subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

10. Plaintiff was, at all times relevant to this action, an "employee" of the Defendant as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

11. Defendant was provided an opportunity to resolve the concerns described herein in prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

12. Plaintiff was hired by Defendant in Atlanta, Georgia on March 14, 2016 as a Paralegal, and was employed by Defendant in the same position until her forced resignation on August 31, 2017.

13. Plaintiff generally worked Monday through Friday from 8 pm to 4 p.m. and was initially paid $15.00 per hour, while misclassified as an independent contractor.

14. During the time period of her misclassification she worked approximately 5 additional hours beyond 40 a week, for which she was not appropriately compensated at the rate of time and a half ($22.50 per/hr).

15. Based on the agreed pay rate and federal law, Plaintiff is due $37.50 unpaid overtime wages from the time period of her misclassification.

16. On June 27, 2016, Defendant correctly began paying Plaintiff as an employee at the rate of $17.00 per hour.  From June 27, 2016 to March 13, 2017, Plaintiff worked an additional 6 hours beyond 40 per week that Plaintiff failed to compensate her for at the required overtime rate of time and a half.

17. Defendant should have compensated Plaintiff at the overtime rate of $25.50 for her hours exceeding 40, but instead only paid her straight time for those 6 hours.  Plaintiff is entitled to $51.00 in additional compensation for the 6 hours of overtime.

18. On March 13, 2017, Defendant began paying Plaintiff an employee rate of $18.00 per hour.  From at least March 14, 2017 to August 31, 2017, she worked an additional 12 hours beyond 40 per week.  Defendant failed to compensate Plaintiff at the required overtime rate of time and a half for the additional 12 hours.

19. Defendant should have compensated Plaintiff at an overtime rate of $27.00 for her work exceeding 40 hours, but only paid her straight time for those 12 hours.  Plaintiff is entitled to $108.00 in additional compensation for the 12 hours of overtime.

20. In total, Plaintiff is owed unpaid overtime wages totaling $196.50.  Since she was compelled to resign from her employment at Defendant after enduring the underpayment of wages for well over a year, she is also owed back pay in the amount of approximately $1,440.00.

## V.   CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

21. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-20, as set forth herein and states:

22. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

23. Defendant has not made a good faith effort to comply with the FLSA with respect to overtime compensation of Plaintiff.

24. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

25. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## ATTORNEY FEES

26. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-20, as set forth herein and states:

27. Plaintiff seeks an award of attorney's fees in this action.

28. Plaintiff also seeks to recover from Defendant the expenses of this litigation, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C §1988(b).

## COUNT THREE
## PUNITIVE DAMAGES

29. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in paragraphs 1-20, as set forth herein and states:

30. Defendant showed willful misconduct, malice, wantonness, oppression, or that want of care which would raise the presumption of conscious indifference to consequences.

31. Plaintiff is entitled to an award of punitive damages in the amount to be determined in the enlightened conscience of a fair and impartial jury, not as compensation to Plaintiff, but solely to punish, penalize or defer Defendant from such wrongful conduct in the future.

## PRAYER FOR RELIEF

32. Wherefore, Plaintiff prays the process issue according to law and demands judgment against Defendant as follows:

   a. All damages that may be awarded under Title VII, and Georgia law; general compensatory damages including but not limited to damages for mental and emotional distress plus interest;

   b. Special damages;

   c. Punitive damage;

   d. Injunctive relief preventing and prohibiting Defendant from engaging in its present practices in violation of the laws cited herein;

   e. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

   f. Unpaid overtime compensation for work performed, an equal amount of liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

   g. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 16th day of October 2017.

/S/ Arnold J. Lizana
Law Office Arnold J. Lizana III, P.C.
State Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
404-692-7979
877-443-0999 FAX
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**